UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA SATMAREAN<br><br>    Plaintiff,<br><br>    vs.<br><br>PHILIPS CONSUMER LUMINARIES, NA, *et al.*,<br><br>    Defendant). | Case No.: 13-CV-02778-YGR<br><br>**ORDER DENYING PLAINTIFF GABRIELA SATMAREAN'S MOTION TO REMAND CASE TO STATE OF CALIFORNIA SUPERIOR COURT** |

On February 26, 2013, Plaintiff Gabriela Satmarean ("Satmarean") filed a complaint in the Superior Court for the State of California, County of Contra Costa. Satmarean alleges the following claims against Defendants Philips Consumer Luminaries, NA ("Philips") and Scott Rosenberg ("Rosenberg"): (1) employment discrimination in violation of Cal. Gov't Code section 12940(a); (2) sexual harassment in violation of Cal. Gov't Code section 12940(j); and (3) harassment. ("Compl." [Dkt. No. 1, Ex. A].) Additionally, Satmarean alleges a claim for intentional interference with Satmarean's business relations by Rosenberg. (*Id.*)

Philips filed a Notice of Removal of Civil Action on the ground that this Court has jurisdiction pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on complete diversity of the parties and an amount in controversy exceeding $75,000. ("Notice of Removal" [Dkt. No 1].) Plaintiff has moved to remand, arguing Philips and Rosenberg have availed themselves to "California State Law Jurisdiction." (Motion to Remand Case to State of California Superior Court ["Motion" (Dkt. No. 14)] at 1–2; *see* Dkt. No. 11.) Philips filed an Opposition to Plaintiff's Motion to Remand Complaint. ("Opposition" [Dkt. No. 22].) Satmarean filed a reply in turn. ("Reply" [Dkt. No. 23].)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the Motion to Remand.[1]

## I.    RELEVANT BACKGROUND

Satmarean originally filed this suit in Contra Costa County Superior Court, alleging that she was "discriminated against, based upon her gender and subjected to a hostile work-environment by a coworker and further, was sexually harassed by defendant [Rosenberg]." (Compl. ¶8.) The parties do not dispute that Satmarean is a citizen of California. (Notice of Removal ¶ 14; Reply at 3.) Defendant Philips is a Delaware corporation with its headquarters and principal place of business in Elgin, Illinois. (Notice of Removal ¶ 16; Reply at 3.)

From August 4, 2008 until October 28, 2011, Philips employed Satmarean as a Territory Manager in Northern California, where she was responsible for selling Philips' products directly to residential and commercial builders in California, Washington, and Oregon. During the course of her employment, Satmarean alleges that Rosenberg, an Oregon citizen[2], frequently made inappropriate sexual comments and unwanted sexual advances toward her. According to the Complaint, Rosenberg is "an Independent Sales Representative for Forecast Lighting, a subsidiary of Philips."[3] (Compl. ¶ 8.) Among several allegations, Satmarean claims that Rosenberg frequently made inappropriate sexual comments and advances toward her, including inviting her to dinner, telling her that he liked "women who bite and scratch," and inviting her to his hotel room. (*Id.* ¶ 8.) Satmarean further alleges that she lodged several complaints with Philips regarding Rosenberg's behavior to her direct supervisor as well as to the Regional Manager of Philips. (*Id.* ¶ 9.) When she was terminated in October 2011, Satmarean alleges that she inquired about her complaints regarding Rosenberg and was told that there was "no record of any complaints in her personnel

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for October 1, 2013.

[2] (*See* Notice of Removal ¶ 15; Compl. ¶ 2; Reply at 3.)

[3] Philips challenges this assertion, stating that Rosenberg "is not, and has never been, an agent or employee of Philips." (Opposition at 2.)

2

file." (*Id.* ¶ 11.) Satmarean further alleges that when she requested a copy of her personnel file, she was told that Philips "'was unable to locate such file.'" (*Id.*)

## II.    LEGAL STANDARD APPLICABLE TO MOTION TO REMAND

A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). Removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("strong presumption" against removal jurisdiction).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). District courts have original jurisdiction over all civil cases where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Mantheon v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.    DISCUSSION

As a preliminary matter, the Court notes that Satmarean does not dispute that the amount in controversy in this case exceeds $75,000.[4] Satmarean's Motion is instead based on one premise: that Philips "has by their activities in California forfeited their Diversity Jurisdiction argument as well as the Personal Jurisdiction and lack of Minimum Contacts arguments and is thus properly before a California Superior Court Jurisdiction." (Motion at 8; *id.* at 14–15.) Satmarean does not dispute that Philips is a citizen of both Delaware and Illinois, nor that Rosenberg is a citizen of Oregon. (Reply at 3.) Instead, she argues, in effect, that this Court should *disregard the citizenship* of the Defendants based on their extensive contacts (or "minimum contacts") with California. (Motion at 8 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny).) Such

---

[4] The Court also notes that although Plaintiff does not specifically identify the statute under which she seeks to remand this action, the Court will treat the motion as one brought under 28 U.S.C. section 1447(c).

contacts as to Philips include its "hiring [of] employees including the Plaintiff Gabriela Satmarean to perform work in the State of California." (Motion at 2.) Further, Philips has "availed themselves even further to California Superior Court by the use of computers and e-mails to Plaintiff while she was performing commercial activities in California on behalf of [Philips]." (*Id.* at 12.) Satmarean also contends that Rosenberg "availed himself by performing work, and inflicting the injury on [Satmarean] in California. (*Id.* at 2.)

Philips responds that Satmarean has conflated issues of personal jurisdiction and subject matter jurisdiction, and that the proper question for the Court is not whether California courts have personal jurisdiction over Philips or Rosenberg, but whether federal courts have subject matter jurisdiction over this case.

The Court agrees with Philips that Satmarean has confused personal jurisdiction with subject matter jurisdiction and, without any authority whatsoever, attempts to expand the minimum contacts doctrine into a means of disregarding citizenship of parties for the purposes of challenging diversity jurisdiction. "The concepts of subject-matter and personal jurisdiction . . . serve different purposes, and these purposes affect the legal character of the two requirements." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Subject matter jurisdiction deals with whether a district court has the authority to adjudicate a case based on whether it involves a federal question or there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004). By contrast, personal jurisdiction concerns whether a controversy or party has sufficient contacts, ties, or relationships with the forum to allow the court to exercise jurisdiction over them. *See id.* § 1351.

Under the "minimum contacts" doctrine, a federal court may assert personal jurisdiction over a nonresident corporate defendant when they possess "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). Where a foreign corporation's activities are so "continuous and systematic" as to render them essentially at home, federal courts may assert

4

"general jurisdiction" over the defendants to hear "any and all claims." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). On the other hand, "specific jurisdiction" is confined by the connection between the forum and the underlying controversy. *Id.* Specifically, the activity or occurrence at issue in the action must take place in the forum state, rendering it subject to the state's regulation for the purposes of that action. *Id.*

A court may lack subject matter jurisdiction over a case even where a defendant's contacts with the forum state would permit the court to exercise personal jurisdiction over that defendant. *See Hoad v. Humane Soc'y of the U.S.*, No. 08-55620, 2009 U.S. App. LEXIS 22688, at *4 (9th Cir. Oct. 15, 2009) ("Even if Defendants do have minimum contacts with California, that does not make them California citizens for purposes of diversity jurisdiction."). Further, in *Hayward v. Chase Home Finance, LLC*, a district court confronted and rejected the same argument raised by Satmarean here, namely that a remand was appropriate because two out-of-state defendants both "had a continuing and substantial connection with Texas, sufficient to subject them to the general jurisdiction of Texas courts." No. 3:10-CV-2463-G, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011). There, the court rejected plaintiffs' argument, holding that they failed to realize that a "specific and general jurisdiction analysis is only relevant when considering *personal* jurisdiction." *Id.*

For purposes of diversity, a corporation is a citizen of (1) the state where it is incorporated and (2) the state where its principal place of business is located. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). It is undisputed that Philips is a citizen of: (1) Delaware, the state of its incorporation; and (2) Illinois, the state where its principal place of business is located. (Reply at 3.) Philips' contacts with California are wholly irrelevant to the issue of citizenship.

Because Philips is a citizen of Delaware and Illinois, Rosenberg is a citizen of Oregon, and Satmarean is a citizen of California, complete diversity exists in this case. Moreover, because the parties do not dispute that the amount in controversy exceeds the jurisdictional amount, the jurisdictional requirements of 28 U.S.C. section 1332 are satisfied.

## IV. CONCLUSION

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, diversity jurisdiction exists in this matter and the Court hereby **DENIES** Satmarean's Motion to Remand.

This Order terminates Dkt. No. 11.

**IT IS SO ORDERED**.

Dated: September 27, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**