United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA SATMAREAN,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILIPS CONSUMER LUMINARIES, NA, *et al.*,<br><br>    Defendants. | Case No.: 13-CV-02778-YGR<br><br>**ORDER REGARDING CASE MANAGEMENT CONFERENCE SCHEDULED FOR NOVEMBER 4, 2013** |

A Case Management Conference and Order to Show Cause Hearing is scheduled for November 4, 2013. Plaintiff and Defendant Philips Consumer Luminaries, NA have filed a Response to Order to Show Cause and Joint Stipulation to Continue Order to Show Cause Hearing and Case Management Conference based on a pending motion filed by Defendant Scott Rosenberg. The Court **DENIES** the parties' request for a continuance. As required by the Court's Standing Order in Civil Cases, "each party shall be represented at case management conferences by counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters in the CAND CMC Order and Civil L.R. 16-10(b)."

Counsel for Defendant Scott Rosenberg has also filed a Response to Order to Show Cause, wherein he states that Rosenberg elected not to file a Joint Case Management Conference Statement to "avoid any confusion over whether he consents to this Court's jurisdiction." Counsel for Scott Rosenberg is hereby **ORDERED** to personally appear at the conference on November 4, which the Court will not consider to be a general appearance or consent to this Court's jurisdiction. Counsel

shall be prepared to address whether Rosenberg's pending Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and/or for Insufficient Service of Process was timely filed in light of Fed. R. Civ. P. 81(c).  Rule 81(c), which applies "to a civil action after it is removed from a state court," provides as follows:

> After removal, repleading is unnecessary unless the court orders it.  A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) *7 days after the notice of removal is filed*.

(Fed. R. Civ. P. 81(c)(2) (emphasis supplied).)  Counsel shall address why the pending motion was not filed until October 18, 2013, over 120 days after the action was removed on June 17, 2013, and whether such delay constitutes a waiver of the arguments raised in the pending motion.

**IT IS SO ORDERED.**

Date: November 1, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**