United States District Court
Northern District of California

| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA SATMAREAN,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILIPS CONSUMER LUMINARIES, NA, *et al.*,<br><br>    Defendant. | Case No.: 13-CV-02778-YGR<br><br>**ORDER DENYING DEFENDANT SCOTT ROSENBERG'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND/OR FOR INSUFFICIENT SERVICE OF PROCESS** |

    Defendant Scott Rosenberg filed a Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and/or for Insufficient Service of Process on October 18, 2013 ("Motion"). (Dkt. No. 30.) Defendant Philips Consumer Luminaries, NA removed this action to federal court on June 17, 2013. Plaintiff filed a motion to remand (Dkt. No. 11), which the Court denied on September 27, 2013 (Dkt. No. 26).

    The Court held a Case Management Conference on November 4, 2013. Prior to the conference, the Court issued an order requiring the appearance of Rosenberg's counsel—which would not be deemed a general appearance or consent to this Court's jurisdiction—in order to address whether Rosenberg's Motion was timely filed in light of Fed. R. Civ. P. 81(c). (Dkt. No. 34.) At the conference, counsel explained why the Motion was not filed earlier and requested an opportunity to submit a brief with supporting legal authorities in support of Rosenberg's position on timeliness. The Court permitted Rosenberg to file said brief (*see* Dkt. No. 36), which he filed on November 12, 2013 (hereafter, "Rosenberg's Timeliness Brief" [Dkt. No. 37]). Pursuant to the Court's order, Philips filed a response to Rosenberg's Timeliness Brief. (Dkt. No. 38.) Although ordered to file a response to Rosenberg's Timeliness Brief *and* her opposition to the pending

Motion by November 19, 2013, Plaintiff's counsel, to date, has failed to adhere to this Court's order.[1]

In Rosenberg's Timeliness Brief, he raises three primary arguments for why his Motion should be deemed as timely filed. First, he argues that "rules and case law provide that there is no duty for a defendant to respond after removal when he has not been properly served." (Rosenberg's Timeliness Brief at 4.) Second, he argues that motions under Rule 12(b) "may be made [at] any time prior to a responsive pleading and [the rule] does not limit the period to twenty days." (*Id.* at 5.) Third, Rosenberg contends that he was not required to re-file his motion after removal because "[t]he federal court takes the action as it stood in the state court prior to removal." (*Id.* at 6.) As explained in more detail below, the Court is not persuaded by any of these arguments or Rosenberg's proffered authorities.

As a preliminary matter, Rosenberg fails to recognize the dual purposes of Fed. R. Civ. P. 81(c)(2). The rule states as follows:

> (c) Removed Actions.
>
> (1) *Applicability.* These rules apply to a civil action after it is removed from a state court.
>
> (2) *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

---

[1] Because the Court finds that Rosenberg's Timeliness Brief presents no persuasive reason that the Motion should be considered timely, any arguments that may have been raised by Plaintiff are unnecessary to the Court's analysis. However, Plaintiff's counsel is hereby on notice that additional refusals to adhere to this Court's orders may result in the issuance of an Order to Show Cause and/or sanctions.

2

Rule 81(c)(2) is explicit in that, first, it provides that *repleading* of a pleading is not necessary after removal, unless otherwise ordered by the court.[2]  Second, the rule requires that a defendant who did not file an answer before removal must answer *or present other defenses of objections* within a specified timeframe.

Rosenberg's first argument that he was under no duty to respond to the complaint after removal because he was not properly served is not persuasive.  The Court has not intimated that Rosenberg was required to file an *answer* to the complaint post-removal.[3]  Rather, the Court has inquired into the second function of Rule 81(c)—whether Rosenberg presented his defenses or objections within the timeframe allowed by the rule.  Rosenberg has presented no authority to support his position that a purported lack of personal jurisdiction and insufficient service of process are neither defenses nor objections to the claims against him.

Rosenberg's second argument that Rule 12(b) motions "may be made any time prior to a responsive pleading" ignores the existence and requirements of Rule 81(c), which apply to civil actions removed from state court.  Further, Rosenberg's cited authorities are not factually similar to the case at hand, where Rosenberg waited *over 120 days* after removal of the action to present his defenses and objections to the complaint.

Third, Rosenberg argues that a federal court takes an action as it stood in state court prior to removal based on William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:3528 (The Rutter Group 2013).  This section states that "all existing orders—including rulings on discovery and extensions of time to plead—remain in effect until modified by the federal court."  Here, Rosenberg fails to recognize the distinction between a prior order or ruling versus a prior motion.  No order had been issued on the Motion to Quash filed in state court, therefore there was no "order" to remain in effect upon removal.  The notion that a

---

[2] Fed. R. Civ. P. 7(a) explicitly defines "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer.

[3] Indeed, Rosenberg's cited authority states that *responsive pleadings—e.g.*, answers—are due after a defendant has been properly served.  *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:3557 (The Rutter Group 2013).  This does not speak to raising defenses of objections under Fed. R. Civ. P. 81(c) via a motion.

3

*motion* filed in state court would carry over to federal court following removal is devoid of legal basis.

For the reasons discussed above, the Court finds that Rosenberg has failed to provide any persuasive authority for why he did not file the pending Motion—which contains defenses or objections to the operative complaint—within seven days after the notice of removal was filed. Rule 81(c)(2)(C) provides an explicit seven-day deadline without regard to issues of service of the initial pleading or the summons. Had service of an initial pleading or summons been relevant to the seven-day timeframe, Rule 81(c)(2)(C) would have included similar language to that contained in Rule 81(c)(2)(A) and (B). Moreover, the Court finds that despite all of the arguments raised in Rosenberg's Timeliness Brief, none of them excuse his waiting 120 days to raise issues of a lack of personal jurisdiction and insufficient service of process. While Rosenberg argues that the Court should consider the merits of his Motion based on fairness and the fact that no party will be prejudiced, his delay in filing the Motion was to an extreme degree, despite what the Court views as a clear deadline under Rule 81(c).[4]

For the foregoing reasons, the Court finds that Rosenberg's Motion is untimely under Fed. R. Civ. P. 81(c)(2)(C). Accordingly, the pending Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and/or for Insufficient Service of Process is **DENIED**.[5]

Within ten (10) days of the date of this Order, Rosenberg shall file a notice regarding whether he joins in the removal of this action to federal court. *See Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011) (while all properly-served defendants must join in a petition for removal, "[i]f this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of

---

[4] In Philips' responsive brief, it does not directly address the issue of whether Rosenberg's Motion was timely. Instead, it emphasizes two points: first, this Court has subject matter jurisdiction over this action because diversity of the parties has been established; and second, to the extent that the Court retains jurisdiction over the matter and denies Rosenberg's Motion, Philips should be granted leave to obtain his consent to the removal. Because these arguments have no bearing on the Court's analysis of timeliness, it need not address them herein.

[5] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court **VACATES** the hearing scheduled for December 10, 2013.

4

judgment"). If Rosenberg joins in the removal of this action, he shall also file an answer to the operative complaint within twenty-one (21) days of the date of this Order.

This Order terminates Dkt. No. 30.

**IT IS SO ORDERED**.

Dated: November 22, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**